UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

CHRISTOPHER GRIEF,

Plaintiff,

-against-

NASSAU COUNTY; SHERIFF MICHAEL SPOSATO, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3, individually and in their official capacities,

Defendants.

---------------------------------------------------------X

Docket No. 15 Civ. ( )

**COMPLAINT and DEMAND FOR JURY**

ECF CASE

## PRELIMINARY STATEMENT

This is a civil rights action in which the plaintiff CHRISTOPHER GRIEF seeks relief for injuries received as a result of being assaulted, battered and otherwise abused at the Nassau County Correctional Center ("NCCC") in violation of his rights, privileges, and immunities secured by the Civil Rights Act of 1871, 42 U. S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York..

## JURISDICTION

1. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

2. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

**VENUE**

3. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

**NOTICE OF CLAIM**

4. Plaintiff filed a Notice of Claim with the County of Nassau and the Nassau County Sheriff on December 22, 2014. More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

**PARTIES**

**Plaintiffs**

5. Plaintiff CHRISTOPHER GRIEF is an American male citizen.

**Defendants**

6. Defendant NASSAU COUNTY is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a sheriff's department and correctional facilities, the employees of which act as its agents and for which it is ultimately responsible. NASSAU COUNTY assumes the risks incidental to the maintenance of said department and facilities and the employment of employees therein.

7. At all times relevant herein, Defendant MICHAEL SPOSATO was the Sheriff of Nassau County, and directed and was aware of all the unconstitutional operations,

customs and policies at NCCC set forth herein, in particular those set forth in paragraphs below. Defendant MICHAEL SPOSATO oversees, *inter alia*, the Sheriff's Department Corrections Division. He authorized, participated, sanctioned, approved, encouraged and ratified those operations, customs and policies. He was responsible, in whole and/or in part, for the creation, implementation, promulgation and enforcement of the policies, practices and/or customs complained of herein. He is sued individually and in his official capacity.

8. At all times relevant herein, JOHN DOE 1 was a corrections officer employed by Defendant NASSAU COUNTY, and responsible for the care, custody and safety of prisoners at the NCCC.

9. At all times relevant herein, JOHN DOE 2 was a corrections officer employed by Defendant NASSAU COUNTY, and responsible for the care, custody and safety of prisoners at the NCCC.

10. At all times relevant herein, JOHN DOE 3 was a corrections officer employed by Defendant NASSAU COUNTY, and responsible for the care, custody and safety of prisoners at the NCCC.

11. At all times relevant herein, Defendants NASSAU COUNTY, SPOSATO, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3 acted under color of state law in the course and scope of their duties and functions as agents, employees, and officers of NASSAU COUNTY and/or the Sheriff's Department of Nassau County in engaging in the conduct described herein. At all times relevant herein, NCCC and the individual defendants acted for and on behalf of NASSAU COUNTY and/or the Sheriff's Department with the power and authority vested in them as officers, agents and

employees of NASSAU COUNTY and/or the Sheriff's Department and incidental to the lawful pursuit of their duties as officers, employees and agents of NASSAU COUNTY and/or the Sheriff's Department. They are sued in their individual and official capacity.

12. At all times relevant herein, defendants violated clearly established constitutional standards under the Fourth, Fifth and Fourteenth Amendments of the Constitution of which reasonable correctional officials, supervisors and officers, under the circumstances, would have been aware.

**FACTUAL ALLEGATIONS**

13. On or about September 23 2014, plaintiff was arrested and brought to the NCCC following his first appearance in court. Plaintiff requested to be placed in protective custody. Plaintiff was extremely anxious and was placed on suicide watch.

14. On or about Sunday, September 28, 2014, plaintiff was placed in a one-person cell. A pre-trial detainee on suicide watch, he was wearing as clothing only a suicide vest.

15. In the evening, plaintiff was awoken by corrections officers and informed that he was being moved. Plaintiff was placed in a cell with three inmates. On information and belief, said three inmates had been arrested for violent crimes.

16. Following his placement in said cell, plaintiff began telling JOHN DOE 1 and JOHN DOE 2 that he was in protective custody, was extremely anxious, and was not safe in said cell. Other corrections officers passed and smirked at Plaintiff. After seeing the actions of the corrections officers, the inmates in plaintiff's cell said things such as: "Something's going to go down" and "They want us to fight him". JOHN DOE 2 told

plaintiff in effect that he was "going to learn what jail is about". JOHN DOE 3 informed plaintiff's cellmates that child pornography had been found on plaintiff's computer. Plaintiff continued to tell corrections officers that he was afraid for his safety and that he requested to be moved to another cell.

17. Thereafter, an inmate in plaintiff's cell asked the corrections officers if they wanted the inmates to rough up plaintiff, and JOHN DOE 3 answered in the affirmative. Shortly thereafter, one inmate in plaintiff's cell began striking plaintiff. Plaintiff fell on the floor and covered his face.

18. JOHN DOE 1 entered the cell and sprayed mace in plaintiff's face. JOHN DOE 1 handcuffed plaintiff's legs and hands, with plaintiff's hands behind his back. With plaintiff on his stomach and unable to cover his face because his hands were handcuffed behind his back, JOHN DOE 1 kicked plaintiff hard in the area of his left eye at least two times, causing substantial injury to plaintiff's left eye.

19. As a result of said blows to the area of his eye, plaintiff sustained a detached retina and lost normal sight in the eye.

20. In December 2014, plaintiff underwent surgery on his left eye. Notwithstanding the surgery, plaintiff's vision with his left eye is distorted, blurry, cloudy, and lacks depth perception.

## <u>FIRST CLAIM</u>

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

22. The plaintiff incorporates by reference the allegations set forth in all

previous Paragraphs as if fully set forth herein.

23. By reason of the foregoing, and by conspiring together, and by sanctioning, encouraging, tolerating, and failing to prevent and failing to intervene to prevent inmate assailants from assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, and by violating plaintiff's right to equal protection of law and due process, the Supervisory and Individual Correction Officer Defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution to be free from gratuitous and excessive force, degrading and abusive treatment, and unlawful and cruel conditions of confinement.

24. The Supervisory and Individual Correction Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their employments as Sheriff's Department Corrections Division officers and employees. These defendants acted willfully, knowingly, and/or with deliberate indifference, and deprived plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

25. The Supervisory Defendants knew and/or should have known of a pattern of sanctioned/tolerated inmate-on-inmate assaults, and of a pattern of sanctioned/ tolerated Correction Officer-on-inmate assaults and of the ubiquity of violence existing

in NCCC, particularly and especially perpetrated upon those who have been charged with sex offenses, prior to and including the time of the assaults on Plaintiff. Their failure to take measures to curb this pattern of brutality constitutes acquiescence in the known unlawful behavior of subordinates. The prevalence of these practices and general knowledge of their existence at the time of the attacks on plaintiff, and the failure of defendants to take appropriate remedial action despite the fact that these practices had been persistently brought to their attention, constitutes deliberate indifference to the rights and safety of the inmates in their care and custody, including the inmate named as a plaintiff in this action. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, the Supervisory Defendants caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth, Fifth, and Fourteenth Amendments. These defendants' conduct had been a substantial factor in the continuation of such violence and a proximate cause of the constitutional violations alleged in this complaint.

26. Defendant NASSAU COUNTY, through Defendants SPOSATO, NCCC, and Sheriff's Department Corrections Division personnel, and acting under the pretense and color or law, has permitted, tolerated and been deliberately indifferent to a pattern and practice of sanctioned/tolerated inmate-on-inmate and Correction Officer-on-inmate assaults, and the ubiquity of violence existing in NCCC, particularly and especially perpetrated upon those who have been charged with sex offenses. This widespread tolerance of Correction Officers' and other Sheriff's Department Corrections Division personnel's sanction/toleration/commission of inmate assaults, constitutes a municipal

policy, practice or custom and led to the attacks on plaintiff. At all times material to this complaint, defendant NASSAU COUNTY, acting through Defendants SPOSATO, NCCC, and Sheriff's Department Corrections Division personnel, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

27. By permitting, tolerating and sanctioning a persistent and widespread policy, practice and custom pursuant to which plaintiff was subjected to attack while in NCCC, defendants NASSAU COUNTY, SPOSATO, and NCCC have deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution to be free from gratuitous and excessive force, and cruel and inhumane treatment.

28. As a direct and proximate result of the above misconduct, abuse of authority, and conspiracy with regard to the same, and the policy, practice and custom detailed above, plaintiff suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, and was otherwise damaged and injured.

## SECOND CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF NASSAU COUNTY FOR STATE LAW VIOLATIONS

29. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

30. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as members of the Nassau County Sheriff's Department Corrections Division, and/or while they were acting as agents and employees of the defendant NASSAU COUNTY, and, as a result, the defendant NASSAU COUNTY is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

31. As a direct and proximate result of the above misconduct, abuse of authority, and conspiracy with regard to the same, and the policy, practice and custom detailed above, plaintiff suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, and was otherwise damaged and injured.

## THIRD CLAIM

## ASSAULT AND BATTERY

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. By the actions described above, defendants did inflict assault and battery upon Plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

34. As a direct and proximate result of the above misconduct, abuse of authority, and conspiracy with regard to the same, and the policy, practice and custom detailed above, plaintiff suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, and was otherwise damaged and injured.

**FOURTH CLAIM**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

35. The Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally caused severe emotional distress to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

37. As a direct and proximate result of the above misconduct, abuse of authority, and conspiracy with regard to the same, and the policy, practice and custom detailed above, plaintiff suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, and was otherwise damaged and injured.

**FIFTH CLAIM**

**VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW**

38. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

39. By the actions described above, defendants violated plaintiff's rights to equal protection of law. The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

40. As a direct and proximate result of the above misconduct, abuse of authority, and conspiracy with regard to the same, and the policy, practice and custom detailed above, plaintiff suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, and was otherwise damaged and injured.

**SIXTH CLAIM**

**NEGLIGENCE**

41. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. As a direct and proximate result of the above misconduct, abuse of authority, and conspiracy with regard to the same, and the policy, practice and custom detailed above, plaintiff suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, and was otherwise damaged and injured.

## SEVENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

44. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. Defendant NASSAU COUNTY negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

46. As a direct and proximate result of the above misconduct, abuse of authority, and conspiracy with regard to the same, and the policy, practice and custom detailed above, plaintiff suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, and was otherwise damaged and injured.

**PRAYER FOR RELIEF**

WHEREFORE, the named plaintiffs request relief as follows:

(A) Compensatory damages against the defendants jointly and severally, past and future, including, but not limited to compensation for injury, pain and suffering, and emotional distress, economic losses, violation of rights and other losses and injuries according to proof;

(B) Punitive damages;

(C) Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and;

(D) Such other relief, as is just and proper under the circumstances.

**JURY DEMAND**

Trial by jury is demanded on all issues for which a jury trial is available.

DATED: December 17, 2015
New York, New York

JOHN WARE UPTON, ESQ. (JU-9065)
70 Lafayette Street 7th Fl.
New York, New York 100013
(212) 233-9300

/s/ Jeffrey Rothman
JEFFREY ROTHMAN,ESQ. (JR-0398)
315 Broadway, #200
New York, New York 10007
(212) 227-2980

Attorneys for Plaintiff