# EXHIBIT B

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CHRISTOPHER GRIEF,

                                        Plaintiff,        15-CV-7240
                                                          (ADS)(AYS)
        -against-

                                                          STIPULATION
NASSAU COUNTY, SHERIFF MICHAEL SPOSATO,                   AND ORDER OF
JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3,                   CONFIDENTIALITY
individually and in their official capacities

                                        Defendants.
-----------------------------------------------------------------------X
```

The parties agree pursuant to Fed. R. Civ. P. 26(c), that the following provisions shall govern the handling of confidential information and documents in this action:

1. <u>Definitions</u>.  For purposes of this agreement:

(a).  "Confidential Information" means any information which the designating party deems confidential, including but not limited to information consisting of trade secrets, investigative techniques, and/or procedures, know-how, proprietary data and/or commercial, financial, personal, or personnel information which the designating party has maintained in confidence.  It shall be the duty of the party who seeks to invoke protection under this Agreement to give notice, in the matter set forth hereinafter, of the documents and testimony to be covered hereby, and the duty of the any other party or person to maintain confidentiality hereunder shall commence with such notice.

(b). "Producing party" or "Designating party" shall mean the party (and its counsel) who is producing information to another party and who deems that information confidential.

(c). "Inspecting party" or "Non-designating party" shall mean the party (and its counsel) who receives the confidential information supplied by the producing party.

(d). "Counsel" shall mean the law firm engaged by the plaintiff and the defendants to represent them in this litigation.

(e). "Document" shall include "writings, drawings, graphs, charts, photographs, phone records, and any other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form" as set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

(f). "Party," in the case of a party to this action which is a corporation, means any officer, director, shareholder, or employee of such party, all of whom shall be bound by the provisions of this Confidentiality Agreement.

(g). "Produce" means the transmission of any "document" during the course of and in connection with this litigation, including appeals thereof, to a "party" or its "attorneys," whether voluntary or involuntary, whether pursuant to request or legal process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

(h). "Person" means, in the plural as well as the singular, any individual, corporation, firm, association, partnership, business trust, government body or any other legal or business entity, unless specified herein to the contrary.

2. Documents

(a). Documents produced in the course of discovery herein (either formally or informally) which the producing party deems to contain confidential information may be designated as confidential by the producing party and the documents or portions thereof deemed to be confidential which are copies and delivered to counsel for the inspecting party shall be marked "CONFIDENTIAL." or indicated by Bates number range in a cover letter or cover email.

(b). The producing party shall designate the document as confidential at the time of its production and/or inspection by the inspecting party. The producing party's failure to do so, however, does not waive its right to designate that document or any portion thereof as confidential, if within thirty (30) days after production, notification is given as to the confidential status of the document. ~~Should the inspecting party disseminate that document or the information contained therein any time during the thirty days after production, the inspecting party shall be liable. However, should the producing party fail to designate the document as confidential within thirty (30) days after production, the inspecting party shall have no obligation, responsibility or liability for, or with respect to, any pre-designation dissemination of that document or the information contained therein.~~

3. <u>Deposition Testimony</u>

If confidential information is contained in deposition, trial or other testimony, the <u>portions of the</u> transcript <u>containing confidential information</u> may be designated as ~~containing~~ confidential ~~information~~ in accordance with this Agreement by notifying the other party (1) on the record, at the time of the testimony, or (2) in writing, within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which contain confidential information. At any deposition session when counsel for a party deems that the answer to a question will result in the disclosure of confidential information within the meaning of this Agreement, counsel may direct that the question and answer be transcribed separately from the remainder of the deposition and if filed with the Court, shall be filed "under seal" in accordance with the District Court's procedures for documents filed under seal. A courtesy copy of the document shall be filed in a sealed envelope marked in the manner set forth in Paragraph "5" hereof. When such a direction has been given, the testimony shall be disclosed only to those individuals

3

specified in Paragraph "6" hereof.  Counsel for the party whose confidential information is involved may also request that all persons other than the reporter, counsel and individuals specified in Paragraph "6" hereof leave the deposition room during the confidential portion of the deposition.  The failure of such other persons to comply with a request of this type shall ~~constitute substantial justification of counsel to advise the witness that he/she need not answer a question seeking the revelation of confidential information.~~<ins>be addressed by a call to the Court for guidance as to how to proceed.</ins>

4. Interrogatory Answers

If an interrogatory answer contains confidential information, ~~the answer shall be provided in a separate document, appended to the main body of answers and incorporated by reference therein~~<ins>that information which is deemed confidential shall be indicated clearly and with specificity</ins>.  ~~The response to the interrogatory in the main body of the answers should state: "requests confidential information, see response in confidential addendum containing the confidential information (e.g. affidavits, etc.), which response is incorporated fully herein by reference."~~

5. Filing Under Seal

Any confidential information including <ins>confidential portions of</ins> transcripts of depositions ~~or portions thereof~~, exhibits, answers to interrogatories, and responses to requests for admissions which have therefore been designated as comprising or containing confidential information, or any pleading or memorandum or other document purporting to reproduce or paraphrase such information, if filed with the Court, shall be filed in accordance with the District Court's procedures for filing documents under seal.  A courtesy copy of the document shall be filed in a sealed envelope(s) or other appropriately sealed containers on which shall be endorsed the title of

this action, an indication of the nature of its contents, the word "Confidential" and a statement substantially in the following terms:

> "CONFIDENTIAL. Filed Pursuant to a Confidentiality Agreement by and between Jeffrey Adam Rothman, Esq. and John Ware Upton Esq. as attorneys for Plaintiff and the Nassau County Attorney's Office as attorneys for Defendants. Not to be opened nor the contents revealed except (1) to the Court and then resealed; and/or (2) by agreement of the parties; and/or (3) by ~~prior~~ order of this Court."

The party filing the documents shall serve notice upon all other parties that the above procedure is being invoked.

At the trial of this action or at any hearing relating to this action before any judicial officer, subject to the rules of evidence and ~~other~~ order of the Court, a party may use any confidential information for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a request to the Court that the courtroom be cleared of persons not subject to the Agreement and that the Court employees be advised as to the terms of this Agreement.

6. Individuals Subject to this Agreement

(a). ~~Each and every page or sheet of all~~All portions of transcripts of depositions, exhibits, answers to interrogatories and requests for admissions, copies thereof, other documents and all information obtained by an inspection of files, facilities or documents by counsel for any party pursuant to pretrial discovery in this action that have been designated by the other party as compromising or containing its confidential information shall be ~~marked~~ designated as "CONFIDENTIAL" as described in paragraph 2(a), *supra,* and shall be retained by the receiving party's counsel and shall not be disclosed or used by an non-designated person other than those listed below. Any material ~~marked~~ designated as "CONFIDENTIAL" shall be used for prosecuting and/or defending the within action only, and for no other purpose without agreement

by opposing counsel or authorization by the Court. Any unauthorized disclosure in violation of the order shall be subject to discipline by the contempt powers of the Court.

(b). Confidential information shall not be disclosed to any person other than (i) a party to this action and counsel for the parties to this litigation and office personnel employed or engaged in the preparation for, or in aiding in the trial of this action; (ii) independent outside persons (i.e. persons not employees of a party), not to exceed five, requested by counsel to furnish technical or expert services[1] or to give testimony with respect to the subject matter for the trial of this action; and (iii) the Court including necessary secretarial and law clerk personnel assisting the Court.

~~(c). Each person to whom disclosure may be made by counsel for a party shall first be identified not less than ten (10) days before the disclosure, to counsel for the party designating the information as confidential and shall, in a written instrument delivered beforehand to such counsel, acknowledge that he/she is fully familiar with the terms of this Confidential Agreement and agrees in writing, to comply with, and be bound by, such Agreement until modified by further Order of the Court or by agreement of the parties hereto. Counsel for the designating party shall have the right to object, in writing within five (5) business days after receiving the required identification, to such disclosure to the person or persons selected by counsel for the non-designating party and should such objection be made, no disclosure shall be made to such objected person without leave of the Court.~~

7. <u>Disclosure</u>

No person or party shall disclose to anyone not specified in Paragraph "6" any information designated as confidential under this Agreement, without prior written consent of the

---

[1] All experts hired by the parties must sign an affidavit acknowledging that the information being provided is subject to a confidentiality agreement and they agree to abide by the terms of said confidentiality agreement.

7

designating party or further order of this Court. Confidential information disclosed pursuant to this Agreement shall not be used by a recipient thereof for any purpose other than for purposes of preparing this action for trial without agreement by opposing counsel or authorization by the Court.

8. Restrictions of Disclosure

The restrictions on dissemination of confidential information contained herein shall not apply to information which, prior to disclosure hereunder, was in the possession of an inspecting party or a person who, absent this Agreement, is under no restriction with respect to the dissemination of such confidential information or to information which is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated as confidential. If a party to this Agreement who is to receive any confidential information disagrees with respect to its designation as confidential information, in full or in part, it shall so notify the producing party in writing, providing a brief statement setting forth the basis for its objection and the designation, and they will thereupon confer as to the status of the subject information proffered within the context of this Agreement within ten (10) days of the sending of such notice. If the recipient and producing parties are unable to agree to the status of the subject information, any party to this Agreement may raise the issue of the designation of such a status to the Court upon ten (10) days written notice. The Court may raise the issue of designation of the confidential status without any request from a party. In any disagreement over the designation of confidential information, the designating party bears the burden of showing that the designated information is confidential information within the scope of this Agreement. No party to this action shall be obligated to challenge the propriety of such designation, and a failure to do so shall not preclude a subsequent

8

challenge on the propriety of such designation and shall not constitute an admission that any information is in fact confidential.

<u>Documents and information shall not be designated as confidential to the extent that they relate to the incident(s) underlying the Complaint in the action.</u>

9. <u>Reservation of Rights</u>

(a). This Agreement is intended to provide a mechanism for the handling of confidential information and documents for which there is no objection other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any document it deems confidential on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Agreement in any particular circumstance.

(b). ~~Upon final termination of this litigation, within thirty (30) days, each party that is subject to this Agreement shall assemble and return to the producing party all items containing the producing party's confidential information produced in accordance with this Agreement, including all copies of such matter which may have been made, but not including copies containing notes or other attorney work product that may have been placed thereon by counsel for the receiving party. All copies containing notes or other attorney's work product shall be destroyed promptly after final termination by the receiving party who will so inform the disclosing party. As an alternative to the return of all such confidential information, the recipient may destroy such confidential information within thirty (30) days of final termination of the litigation. Promptly after the return or destruction of items containing the producing party's~~

9

~~confidential information, the receiving party shall by letter certify that all items containing the producing party's confidential information have been fully returned and/or destroyed, respectively. Receipt of all material returned to the producing party shall be acknowledged in writing if requested by the receiving party and the receiving party has specified what has been returned by it.~~ This Agreement will survive the termination of the litigation and will continue to be binding upon all persons to whom confidential materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the confidential materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

(c). Nothing herein shall prevent disclosure of any confidential information (1) by the producing party or (2) to any employee or officer of the producing party or (3) to any person, no longer affiliated with the producing party, who either authored, in whole or part, or who received the confidential information in confidence prior to the initiation of this litigation.

(d). Nothing in this Agreement shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney/client privilege, attorney work product, or any other privileges.

(e). This Agreement shall survive the final termination of this action with respect to any confidential information.  The Court shall retain jurisdiction over the parties and counsel for the parties as necessary to enforce this Agreement.

10. Signatures

A facsimile or scanned image signature of this Stipulation and Order of Confidentiality has the full force and effect of an original.

**INTENTIONALLY LEFT BLANK**

**Confidentiality Agreement**

*Grief v. Nassau County et al.*, **15-CV-4720 (ADS)(AYS)**

Dated: New York, NY

_____, 2016~~5~~

BY: _____
Jeffrey Adam Rothman
315 Broadway, Suite 200
New York, NY 10007
(212)227-2980

John Ware Upton
70 Lafayette Street, 7th Floor
New York, NY 10013
212-233-9300

Dated: Mineola, NY

_____, 2016~~5~~

CARNELL T. FOSKEY
Nassau County Attorney

BY: _____
Thomas Lai
Deputy County Attorney
One West Street
Mineola, New York 11501
(516) 571-6074
Attorney for the Defendant

SO ORDERED:

_____

United States Magistrate Judge

**ACKNOWLEDGMENT PURSUANT TO**
**STIPULATION OF CONFIDENTIALITY IN**
*Grief v. Nassau County et al.*, **15-CV-7240 (ADS)(AYS)**

I, _____ hereby certify:

I have read the terms of the Stipulation of Confidentiality in *Grief v. Nassau County et al.*, 15-CV-7240 (ADS)(AYS) and I agree to be fully bound by, and comply with, the Stipulation of Confidentiality in all respects. I also submit, and waive any objection, to the jurisdiction of the United States District Court for the Eastern District of New York (the "Court") for the adjudication of any dispute concerning or related to my compliance with the Stipulation and Order of Confidentiality. I understand that any violation of the terms of the Stipulation and Order of Confidentiality may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court, or other or additional relief as deemed appropriate by the Court.

Signature: _____

Please print or type the following:

Name: _____

Employer: _____

Title: _____

Work Telephone: _____

Home Telephone: _____

Mobile Telephone: _____

Home Address: _____

Email Address: _____