```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRISTOPHER GRIEF,
                              Plaintiff(s),         **ORDER**
                                                    CV 15-7240 (ADS) (AYS)
        -against-

NASSAU COUNTY, SHERIFF MICHAEL
SPOSATO, JOHN DOE 1, JOHN DOE 2,
and JOHN DOE 3,
individually and in their official capacities

                              Defendants.
----------------------------------------------------------X
```
**ANNE Y. SHIELDS, Magistrate Judge:**

Before the Court is Plaintiff's Motion for the Court to reconsider its decision on the Parties' cross motions for confidentiality orders. That decision appears as Docket Entry No. 18 herein. Plaintiff seeks this Court to reconsider the rulings it made regarding the parties' confidentiality order. Specifically, Plaintiff asserts that the Court should reconsider his proposed edits to (1) paragraph 8 concerning confidentiality of documents, which relate to the incidents underlying the Complaint; (2) paragraphs 6(a) and 7, which concern disclosure of confidential information for purposes other than the present litigation, and (3) paragraph 9(b), which concern the return and/or destruction of confidential information. The Court denies Plaintiff's motion, and adheres to its original decision.

    **I.**    <u>Legal Standard</u>

Motions for reconsideration are properly granted if there is a showing of "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Virgin Atlantic Airways, Ltd. v. National Mediation Board</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted); <u>Almonte v. City of Long Beach</u>, 2005 WL 1971014, at *2-3 (E.D.N.Y. 2005).

"The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked . . . ." Nowacki v. Closson, 2001WL 175239, at *2-3 (N.D.N.Y. 2001) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995)). The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies. See id.; see also Altamonte, 2005 WL 1971014, at *1. The party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Altamonte, 2005 WL 1971014, at *4 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991)).

II. Plaintiff's Motion for Reconsideration is Denied

Plaintiff asserts that his motion for reconsideration should be granted because (1) the Court incorrectly relied on Dorsett v. Cty. of Nassau, 289 F.R.D. 54 (E.D.N.Y. 2012) ("Dorsett 2012"), Dorsett v. Cty. of Nassau, 762 F. Supp. 2d 500 (E.D.N.Y. 2011) ("Dorsett 2011"), and Lugosh v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006); (2) the Court overlooked Plaintiff's oral proposal to Defendants modifications; and (3) the Court overlooked paragraphs 8 and 9(a) of both sides' competing versions of the confidentiality order. For the reasons stated below, the Court denies Plaintiffs motion to reconsider, and adheres to its original order.

A. This Court's Reference to *Dorsett v. Cty of Nassau* Does Not Require Reconsideration

Dorsett v. Cty. of Nassau, 289 F.R.D. 54 (AKT/ADS)(E.D.N.Y. 2012) ("Dorsett 2012"), involved a case brought by a mother of a murder victim against Nassau County, the county police department, and county police officers. After the case was settled, plaintiff and the press sought to publicize the Internal Affairs Unit Report, a document subject to a previously entered

2

protective order (the "IAU Report"). During the litigation, two restraints were in place with regard to the disclosure of the IAU Report. First, a protective order was entered to restrict access to the IAU Report to the parties in the litigation. Second, a confidentiality order was entered to expand access to the Nassau County legislators and their counsel, for the sole purpose of considering a settlement. See Dorsett 2012, 289 F.R.D. at 58. After settlement, Plaintiff and members of the press (the "Press Intervenors") moved to lift all bans previously imposed. Dorsett 2012, 289 F.R.D. at 58-59. The District Court denied Plaintiff's motion, and granted in part and denied in part the Press Intervenors' branch of the motion. As to that modification, the District Court did not set aside the order, but revised the order to more specifically identify the source of documents reviewed. See Dorsett 2012, 289 F.R.D. at 75.

In the Dorsett 2012 opinion, the District Court analyzed the original determination as to the protective order and the confidentiality order. In its analysis of the Protective Order issued by Magistrate Judge Tomlinson, Judge Spatt noted Magistrate Judge Tomlinson's determination that the Defendants were entitled to a protective order for the IAU Report based on a showing of good cause pursuant to Fed. R. Civ. P. 26(c). Id. at 60-61. The Plaintiff and the Press Intervenors objected to the Protective Order. Judge Spatt addressed the objections and held that Magistrate Judge Tomlinson had adequately identified sufficient good cause for the order. Id. at 61. Further, the District Court analyzed the issuance of the confidentiality and protective orders, as well as the arguments proffered in support of vacating the confidentiality order and lifting the restrictions pertaining to the protective order. In its analysis, the Court noted that the purpose of the confidentiality order was to permit members of the Legislature to have an opportunity to review the IAU Report so they could make an informed decision as to whether they would approve the settlement, and noted the Defendants' reliance on the confidentiality order. Id. at 62,

3

65.

Although the Dorsett 2012 case and the instant case are not identical, the Dorsett 2012 opinion highlights and analyzes important aspects relating to the issuance of confidentiality and protective orders. Thus, this Court reviewed and cited to that opinion.  As the Court found the case instructive, it cited to Dorsett 2012 when issuing the confidentiality order determination. In particular, language referring to the important of the parties' ability to rely on such orders when exchanging protected information. See e.g., DE 18 at 5. Additionally, this Court found that Magistrate Judge Tomlinson's opinion with respect to issuing the orders illuminated certain points relevant to the issues raised by the parties' cross motions for issuance of a confidentiality order. See DE 18 at 6; see also Dorsett v. Cty. of Nassau, 762 F. Supp. 2d 500 (E.D.N.Y. 2011), aff'd, 800 F. Supp. 2d 453 (E.D.N.Y. 2011), aff'd sub nom. Newsday LLC v. Cty. of Nassau, 730 F.3d 156 (2d Cir. 2013) ("Dorsett 2011"). Upon review, this Court finds no reason to revisit its earlier decision based upon any inappropriate use or citation to Dorsett.

B. As to the Court's Ruling with Regard to Paragraph 8

Paragraph 8 sets forth the restrictions of Disclosure. Although both parties agreed to the majority of the text under paragraph 8, an issue arose with regard to Plaintiff's proposal of adding language to the end of the section. Plaintiff proposed adding, "Documents and information shall not be designated as confidential to the extent that they relate to the incident(s) underlying the Complaint in the action." See DE 16-13, page 8. In determining the cross motions for confidentiality, the Court denied Plaintiff's request to add such language.

Plaintiff now argues that the Court should reconsider its ruling with regard to paragraph 8 on the basis that it (1) overlooked Plaintiff's oral proposal to Defendants that was set forth in

4

Plaintiff's August 11, 2016 letter; and (2) incorrectly cited to the Dorsett case on page 6 of its Order.

   i.  The Court Did Not Overlook Plaintiff's Oral Proposal to Defendants

Plaintiff argues that the Court "overlooked in Section III of its Order (pages 6-7) Plaintiff's oral proposal to Defendants that was set forth in Plaintiff's August 11, 2016 letter (docket # 17), but that was not in any of the competing track-changed versions presented to the Court." See DE 22, page 5.  In that letter Plaintiff stated:

> In order to meet opposing counsel's concerns, I proposed on the phone to him that the following further language be added: "If investigative or other materials that relate to the incident(s) underlying the Complaint in this action contain materials(s) that are properly designated as confidential, these limited materials contained therein may be designated as confidential."

Id. The Court did not overlook that argument; it simply did not find it persuasive.

   ii.  The Court Did Not "Erroneously" Rely on Dorsett on Page 6 of its Order

Plaintiff argues that the Court incorrectly cited to Dorsett on page 6 of its August Order. He reasons that "Dorsett is inapposite to the dispute before the Court, which does not even apply to any particular document(s) or portion(s) thereof at this point." DE22, page 6. A review of the August Order reveals that on page 6, the Court was addressing Plaintiff's request to add language that would prevent all documents and information related to the incidents underlying Plaintiff's complaint from being designated as confidential. In addressing that argument, on page 6 of its August Order, this Court cited to Judge Tomlinson's decision in issuing a protective order, Dorsett 2011, 762 F. Supp. 2d 500, 526 (E.D.N.Y. 2011). In her decision, Judge Tomlinson held that based upon the circumstances, access to the IAU Report could remain restricted to parties. Dorsett 2011, 762 F. Supp. 2d at 537. In Plaintiff's motion papers seeking a confidentiality order, Plaintiff asserted that Defendants' request to "designate materials as confidential that relate

directly to the incident(s) underlying Plaintiff's complaint, [] is simply ridiculous." DE 17, page 3. The Plaintiff did not offer any support for his argument, and the Court found such argument to be unpersuasive. In determining that there may be times when information related to incidents underlying a Plaintiff's complaint may be warranted, the Court pointed to Dorsett 2011. As the Court in Dorsett 2011 restricted access to the IAU Report solely to the parties, Dorsett 2011 illustrates that depending on the circumstances, items related to Plaintiff's underlying complaint may be subject to a protective order. Indeed, the fact that the court in Dorsett 2011 did not simply require the IAU Report to be disclosed because it related to the underlying complaint, but instead analyzed the circumstances surrounding the document, Dorsett 2011 makes clear that items are not free from confidentiality or protective orders simply because they relate to the incidents underlying the complaint. Thus, the Court properly relied on Dorsett 2011.

C. As to the Court's Rulings with Regard to Paragraphs 6(a), 7, and 9(b)

Plaintiff asserts that the Court should reconsider its rulings with respect to paragraphs 6(a), 7, and 9(b). In each of those paragraphs, the Plaintiff proposed language that would allow the disclosure of confidential information if certain conditions were met. Paragraph 6(a) sets forth the individuals who are subject to the confidentiality order; paragraph 7, sets forth restrictions on disclosure; and paragraph 9(b) sets forth the Parties' reservation of rights.

Under paragraph 6(a) both parties agreed that confidential information shall be used only for prosecuting and/or defending the action, and for no other purposes without agreement by opposing counsel. However, Plaintiff additionally sought to add language that would allow confidential information to be used for other purposes if it had "authorization by the Court." DE 16-3, page 6.

Similarly, under paragraph 7, both parties agreed that confidential information disclosed "shall not be used by a recipient thereof for any purpose other than for purposes of preparing this action for trial without agreement by opposing counsel." DE 16-3, page 7. However, once again, Plaintiff sought to modify the language to allow for the recipient to disclose confidential information if it had "authorization by the Court." Id.

As to paragraph 9(b), the County's original proposed language stated:

> Upon final termination of this litigation, within thirty (30) days, each party that is subject to this Agreement shall assemble and return to the producing party all items containing the producing party's confidential information produced in accordance with the Agreement, including all copies of such matter which may have been made, but not including copies containing notes or other attorney work product that may have been place thereon by counsel for the receiving party. All copies containing notes or other attorney's work product shall be destroyed promptly after final termination by the receiving party ho will so inform the disclosing party. As an alternative to the return of all such confidential information, the recipient may destroy such confidential information within thirty (30) days of final termination of the litigation. Promptly after the return or destruction of items containing the producing party's confidential information have been fully returned and/or destroyed, respectively. Receipt of all material returned to the producing party shall be acknowledged by the receiving party and the receiving party ha specified what has been returned by it.

DE 16-1, page 8. Plaintiff countered the County's proposed language, and sought to modify the paragraph to state only:

> This Agreement will survive the termination of the litigation and will continue to be binding upon all persons to whom confidential materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the confidential materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

DE 16-2, pages 9-10.

The County opposed such changes. It did not object to adding the majority of Plaintiff's language to the already existing language proposed by the County; however, the County did

7

object to removing the requirement and procedures for returning and/or destroying confidential information, and the Plaintiff's proposed language allowing the confidential materials to be used by the receiving party if had "prior Court approval." DE 16-3, page 9-10. Upon reviewing the competing motions, this Court denied Plaintiff's proposed modification under each paragraph. The Court found that Plaintiff's proposed language would limit the County's ability to rely on the confidentiality order.

Plaintiff now seeks this Court to reconsider its decision. Plaintiff argues that the Court (1) "erroneously" relied on Dorsett on page 5 of its Order, and further incorrectly relied on the Lugosch case, and (2) overlooked paragraphs 8 and 9(a) of both sides' competing versions of the confidentiality order already allow that parties may move for relief form the Court." DE 22, page 8-9. Plaintiff thus argues that Defendants already may not justifiably rely on their confidentiality designations being lasting in any way. Id.

  i. The Court Did Not Erroneously Rely on Dorsett on Page 5 of its Order

Plaintiff asserts that the Court "erroneously" relied on Dorsett 2012 of page 5 of the August Order. Throughout pages 5-7, this Court relied on Dorsett v. Cty. of Nassau, 289 F.R.D. 54, 65 (E.D.N.Y. 2012) and Lugosh v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006), to illustrate that such limiting language would negate the finality of an order of confidentiality. In Dorsett 2012, the court specifically analyzed the language of the confidentiality order. In doing so, it stated that "protective orders that are on their face temporary or limited may not justify reliance by the parties." Dorsett 2012, 289 F.R.D. 54, 65 (citation and internal quotation marks omitted). The court further found that although protective orders are always subject to further modification, the Defendants were justified in relying on the order because it contained no other limitations. Id. at 65-66. The court in Lugosh similarly looked at the language in the

confidentiality order to determine if reliance on a confidentiality was reasonable. The court specifically noted that the language of the confidentiality contemplated "that relief from the provisions of the order may be sought at any time," and therefore it was not reasonable for the parties to rely on it. Lugosch, 435 F.3d at 126. Regardless of the holding and/or specific facts of Lugosh, the Lugosh opinion demonstrates that specific language of a confidentiality order dictates whether or not a party is justified in relying on it.

Plaintiff seeks to modify the language in both paragraphs to provide that confidential information in the instant matter be allowed to be used for other purposes upon "agreement by opposing counsel, or authorization by the Court." See DE 16-2 ¶¶ 6(a) and 7. The language proposed by Plaintiff under paragraphs 6(a) and 7 subjects the order to modification by the Court. Although an order can always be modified by the Court, when an order contains language as Plaintiff proposes, the face of the confidentiality order negates the presumption of finality. Indeed, Plaintiff proposes that the confidentiality order be modified to (1) allow for confidential information in the instant matter to be used for other purposes upon "agreement by opposing counsel, or authorization by the Court," (2) allow for confidential materials to be used for other purposes if authorized by the Court, and (3) allow for the receiving party to keep confidential information after the close of the litigation. Such language negates the presumption of finality. An order of confidentiality is only useful if it can be relied on by both parties.

ii. The Court Did Not Overlook the Language in Paragraphs 8 and 9(a)

Plaintiff asserts that this Court overlooked the fact that under both sides' proposed versions of the confidentiality order Plaintiff can challenge any of Defendants' confidentiality designations. See DE 22, pages 7, 9. Plaintiff highlights the language in paragraph 8, which is titled "Restrictions of Disclosure," and paragraph 9(a), which is titled "Reservation of Rights."

Plaintiff argues that because both paragraphs allow for the Parties to seek relief from the Court, Defendants "already may not justifiably rely on their confidentiality designations being lasting in any way." DE 22, page 9.

The language proposed by both sides for paragraph 8 of the confidentiality order is:

> The restrictions on dissemination of confidential information contained herein shall not apply to information which, prior to disclosure hereunder, was in the possession of an inspecting party or a person who, absent this Agreement, is under no restriction with respect to the dissemination of such confidential information or to information which is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated as confidential. If a party to this Agreement who is to receive any confidential information disagrees with respect to its designation as confidential information, in full or in part, it shall so notify the producing party in writing, providing a brief statement setting forth the basis for its objection and the designation, and they will thereupon confer as to the status of the subject information proffered within the context of this Agreement within ten (10) days of the sending of such notice. If the recipient and producing parties are unable to agree to the status of the subject information, any party to this Agreement may raise the issue of the designation of such a status to the Court upon ten (10) days written notice. The Court may raise the issue of designation of the confidential status without any request from a party. In any disagreement over the designation of confidential information, the designating party bears the burden of showing that the designated information is confidential information within the scope of this Agreement. No party to this action shall be obligated to challenge the propriety of such designation, and a failure to do so shall not preclude a subsequent challenge on the propriety of such designation and shall not constitute an admission that any information is in fact confidential.

The language proposed by both sides for paragraph 9(a) is:

> This Agreement is intended to provide a mechanism for handling of confidential information and documents. Each party reserves the right to object to any disclosure of information or production of any document it deems confidential on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidential information.

The Court did not overlook the language. As the Court in <u>Dorsett</u> stated, the fact that a protective order is always subject to further modification does not prevent justifiable reliance on

the order.  Dorsett, 289 F.R.D. at 65 The agreed upon language in paragraphs 8 and 9(a) does not change the presumption of finality; instead, the language recognizes the inherent authority the Court has in determining disputes that may arise when parties utilize a confidentiality order.  The Court finds that Plaintiff's proposed modifications do not simply recognize the Court's inherent authority, but, instead, specifically contemplate that confidential information may be disclosed in the future. Such modifications would lead to a presumption against finality. Indeed, as stated above, the Plaintiff's modification would (1) allow for confidential information in the instant matter to be used for other purposes upon "agreement by opposing counsel, or authorization by the Court," (2) allow for confidential materials to be used for other purposes if authorized by the Court, and (3) allow for the receiving party to keep confidential information after the close of the litigation. When parties include limitations in a confidentiality order, such as Plaintiff has proposed, reliance on the order is not justifiable.

## Conclusion

Based on the foregoing, the Plaintiff has not demonstrated (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice.  As such, the Court adheres to its August 26, 2016 decision, and denies the Plaintiff's motion for reconsideration.

Dated: Central Islip, New York        **SO ORDERED:**
       October 13, 2016

                                        /s/ Anne Y. Shields
                                       Anne Y. Shields
                                       United States Magistrate Judge