# Jeffrey A. Rothman
Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

July 19, 2017

The Honorable Anne Y. Shields
United States Magistrate Judge
United States District Court for the
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

       *Re:*    Christopher Grief v. Nassau County, et al.,
                  15 Civ. 7240 (ADS) (AYS)

Dear Judge Shields:

      I, along with John Ware Upton, Esq., am counsel for Plaintiff in the above-captioned matter, and submit this brief reply to Defendants' letter opposition of July 14, 2017 (docket # 57) to Plaintiff's July 5, 2017 letter motion to compel (docket # 56).

      Defendants' late (or non-existent) discovery responses and almost totally unresponsive responses had (and have) nothing to do with Plaintiff's applications concerning the protective order. Defendants had (and have) an obligation to provide timely responses and documents, which they did not, even in the run-up to, or after, Plaintiff's initial motion to compel back in March. As discussed in Plaintiff's moving letter, neither C.O. Bazante[1] nor Sheriff Sposato have yet to provide any responses at all, and the Defendants' other "responses" that were annexed to Plaintiff's moving letter are almost totally unresponsive as to entire categories of discoverable information and documents.

      Defendants' response has simply ignored almost all of the arguments - and all of the authority cited - in Plaintiff's moving letter. I note in reply to one comment made that it has been clear from the beginning of this case that Sheriff Sposato is being sued both "individually and in his official capacity," *see*, Complaint, and Amended Complaint, at ¶ 7, and thus is required to answer Plaintiff's interrogatories "separately and fully in writing under oath" pursuant to Fed.R.Civ.P. 33(b)(3) just like any other individual party. Indeed, there is a document among those just produced to us by mail (just received two days ago – they are postmarked July 14, 2017) that indicates that Sposato was personally informed of the incident with

---

[1] Bazante, to remind the Court, is the only of the Defendants who have admitted to using any force at all upon Plaintiff.

Plaintiff just after it occurred.  I will refrain from giving a further description than that because, as I had predicted during Plaintiff's applications concerning the protective order, Defendants have marked <u>every single one</u> of the 93 documents they just mailed to us as "confidential," which now limits my ability to discuss these documents freely and in detail with the Court in a public filing.[2]  Almost all of these documents just produced to us - including witness statements / reports (the other inmate names are improperly redacted) and investigative reports - relate directly to the incident at issue, and there is no reasonable basis for them to have been designated as confidential, and there is no possible justification for Defendants having previously withheld them.  The documents also include the names of other Corrections Officers - whose identities have never before been disclosed - who Plaintiffs will seek to add to this case as Defendants.  The documents also show that a color photograph of Plaintiff's face that was previously produced to us appears to have been taken <u>prior</u> to the incident, and that there is yet another photograph of Plaintiff's face that was just produced to us as an unhelpful black and photocopy (but that was likely taken after the incident) that now has to be produced to us in color.

     There are all manner of other issues with these documents that now need to be addressed with Ms. Goetz.  Upon returning to the case (which we first found out about upon reading her letter to the Court that was filed on the afternoon of Friday, July 14th) she did not reach out to us to discuss in any way what documents she was going to be mailing to us, or what else will or may be coming our way and when, or otherwise.  The documents were also sent to us only by snail mail, and not also by email (which has been the parties have been, at our request, mostly exchanging discovery to date).  Mr. Upton and called Ms. Goetz yesterday and left her a voice message, but we have received no response.  And we still have received no proposed deposition dates for any of the four individuals we had hoped to depose presently, and thus cannot, without a further Court Order, comply with Your Honor's Civil Conference Minute Order of June 12, 2017 (docket # 54), which states that the "Parties are directed to go forward with depositions, and complete at least one deposition by the end of July 2017."[3]  There is much that must now be done to follow-up on just what has been mailed to us on July 14th.  We should not have to wait any longer for that which was initially both very late and deficient, and for other discovery responses and documents that have not yet been turned over at all (some of which having been promised to us dating back to prior to Plaintiff's earlier motion to compel made in March).

     Defendants should indeed be sanctioned, for their non-production, their deficient production, and for producing documents only after Plaintiff moved to compel.  Producing documents only after a motion to compel is filed mandates sanctions unless there is some good justification militating against them.  *See*, Fed.R.Civ.P. 37(a)(5)(A):

> *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted — or if the disclosure or requested discovery is provided

---

[2] Plaintiff will be addressing this abuse of the confidentiality order with Defendants, and make an application to the Court to de-confidentialize these documents as necessary.

[3] The Court should, because of this, allow us to choose our own dates for these deponents, and require them to appear for their depositions on dates that we unilaterally choose.

after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Here, following Your Honor's June 12th Minute Order I tried repeatedly to have Defendants meet their discovery obligations without need for a further motion to compel (or, at the very least, to try to narrow it as much as possible), including consenting to Mr. Genua's application for an additional week to seek to do so.  *See*, June 26, 2017 letter to the Court from Mr. Genua (docket entry # 55) and the Court's electronic Order dated June 27, 2017, which extended the Court-ordered briefing schedule for the instant motion to compel by one week.  As noted in Plaintiff's moving letter, Mr. Genua's June 30, 2017 emailed response to my repeated requests to receive whatever outstanding materials Defendants were willing to provide was to inform me that Plaintiff's "requests have been and are being given the attention they require and will be furnished accordingly.  You will get your discovery at the earliest possible time and not before."  He also stated in an earlier email to me that same day, "With respect to your Renewed Motion to Compel, the County will review your Motion when it is submitted and served and put in its opposition accordingly."  In response to that earlier email of June 30th I emailed back and informed him that "The whole point of putting off my motion for another week was so you could try to address the issues I've raised, and that MJ Shields wanted you to re-evaluate in light of the protective order that's now in place."  As mentioned, in response to that email I was basically told to just go jump in a lake, and that I would get further discovery whenever Defendants felt they were able to get around to it.  Under these circumstances, Defendants should certainly be required to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[4]

Defendants state that they cannot un-redact the names of other inmates who were in the cell with Plaintiff during the incident "absent a specific order" from the Court.  But they could

---

[4] As just one example of the absurd waste of our time that has been occasioned by Defendants' combination of withholding plainly discoverable information and documents, evasiveness, stonewalling, intransigence, and attorney musical chairs: one of the items addressed in Plaintiff's moving letter that Mr. Genua had refused to provide - based on his interpretation of Ms. Ben-Sorek's notes from the June 12, 2017 conference - was a photograph of Officer Bazante.  That has now been provided (albeit only in black and white) with the documents mailed to us on July 14th by Ms. Goetz, but not before I had to take the time to address this issue in Plaintiff's moving letter, and also to order the audio recording of the conference from the Court reporters' office.

have engaged with us and entered into a stipulation and proposed order with us to produce that and related non-party witness information under an appropriate protective order, which we have always been willing to do.[5] Instead Plaintiff had to move to compel this plainly discoverable witness information, and the Court should order Defendants to un-redact all non-party witness information and provide all documents concerning these non-party witnesses[6] in Defendants' possession, custody or control forthwith under such protective provisions as the Court deems appropriate.

Opposing counsel states that certain personnel and other records will be coming to us. She does not say what, and she does not say when. The Court should order the County and all of the individual Defendants to produce proper, individualized responses to Plaintiff's interrogatories and document requests - without lodging objections, because no objections were ever timely raised - and to produce all documents requested (in un-redacted form, except where compelling circumstances require it, and with a proper explanation provided for any redactions made[7]) by a short date certain, and to provide proper privilege logs for all information and documents withheld on the basis of privilege.

Concerning Plaintiff's request for entry upon land, Defendants list a parade of horribles that will ensue if Mr. Upton and I inspect and take photographs of the areas at issue inside of NCCC. As discussed in Plaintiff's moving letter, no inmates need be moved for us. All manner of civilians are present in jails – clergy, teachers, medical staff, social workers, repair people, etc. – as a common occurrence safely in the presence of the Corrections Officers who are on duty. We also will not take photographs of any inmates while we are there. At most we would require inmates to - for a matter of minutes - empty any particular cell / room while we were briefly in that cell / room and photographing it. The request we make to inspect and photograph is entirely reasonable and limited in scope.[8]

---

[5] Plaintiffs are willing to redact other inmate names and other identifying or private information in any publicly filed documents, but there is no reason for the witness statements concerning the incident to themselves be treated as confidential, and no reason for us to not have access to the witnesses, to speak to and / or depose as desired and needed.

[6] In the documents just mailed to us on July 14th are the medical records (with the name redacted) of one of these other inmates, who Officer Bazante claims that Plaintiff had attacked. We should also receive the entire inmate files for the non-party witness inmates.

[7] In the documents just mailed to us, the Corrections Officers' signatures are now properly un-redacted. All documents previously produced to us with redacted signatures or other improper redactions should be ordered produced to us un-redacted.

[8] We do wish to correct one error in Plaintiff's moving letter. Mr. Upton realized that he had misremembered visiting and photographing inside of NCCC. He did that at a NY City DOC facility on Rikers Island.

**Conclusion**

  For the foregoing reasons and those set forth in Plaintiff's moving letter, Plaintiff respectfully requests that that the Court issue an Order pursuant to Fed.R.Civ.P. 37(a)(3)(A) compelling production of the referenced information and documents, and requiring Defendants to pay the reasonable expenses incurred in having to make the present motion (and the last motion), including attorney's fees pursuant to Fed.R.Civ.P. 37(a)(5)(A).

  I thank the Court for its consideration in this matter.

            Respectfully submitted,

              /S/

            Jeffrey A. Rothman
            Co-counsel for Plaintiff