UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER GRIEF,

                          Plaintiff,              ORDER
                                                    CV 15-7240 (ADS) (AYS)

    -against-

NASSAU COUNTY, SHERIFF MICHAEL
SPOSATO, JOHN DOE 1, JOHN DOE 2,
and JOHN DOE 3,
individually and in their official capacities

                          Defendants.
-------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

       This is a civil rights case in which Plaintiff claims to have been injured by Defendants Nassau County, Sheriff Michael Sposato, CO Alaberto Bazante, CO Angelo Muro, CO Jaret Carbone (collectively "Defendants"). Specifically, Christopher Grief ("Grief" or "Plaintiff") seeks relief for injuries received as a result of being assaulted, battered and otherwise abused at the Nassau County Correctional Center ("NCCC") in violation of his rights, privileges, and immunities secured by the Civil Rights Act of 1871, 42 U. S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York. See Amended Complaint ("Am. Compl."), Docket Entry ("DE") 67. Such injuries are alleged to have occurred on or around September 28, 2014. Am. Compl. ¶¶ 16-18.

       By way of background, on August 18, 2017, this Court issued an order ("August 18 Order") granting in part and denying in part Plaintiff's motion to compel discovery. The August 18 Order set forth specific discovery directives for both parties to follow. On September 20, 2017, Defendants moved for a protective order with regard to the interrogatories Plaintiff served

on Sheriff Sposato. DE 65. On September 25, 2017, Plaintiff moved for contempt concerning related issues stemming from the Court's August 18 Order. DE 69. Plaintiff contends that Defendants have failed to comply with the majority of the Court's directives, and seeks specific relief. The Court construes Plaintiff's motion for contempt as a motion to compel. The Court now turns to each of the issues raised by Plaintiff, as well as Defendants' motion for a protective order.

1. <u>Sheriff Sposato is Required to Respond to Interrogatories</u>

In the August 18 Order, this Court ruled that Sheriff Sposato is a named Defendant and therefore must individually verify his responses to the Plaintiff's interrogatories. Defendants did not ask this Court to reconsider its ruling, and, instead, over a month later, moved for a protective order. Defendants argue that "to compel the Sheriff to respond to a set of interrogatories to which he has no knowledge will open the door for future lawsuits to require the same which would make it impossible for Sheriff Sposato to fulfill his obligations as Sheriff." DE 65 at 2. Thus, the County's motion for a protective order seeks a ruling that it be permitted to respond on behalf of Sheriff Sposato.

Plaintiff contends that Defendants' motion for a protective order is manifestly improper, as this Court already ruled upon the issue, and Defendants failed to timely move for reconsideration. DE 69 at 1. Defendants argue that they merely wish to limit the scope of the interrogatories, and Plaintiff has failed to confer regarding such issue. Indeed, Defendants assert it was Plaintiff's refusal to confer which prompted the filing of their motion for a protective order. DE 71 at 1.

As Parties must confer in good faith prior to the filing of discovery motions, and, must call the Court regarding issues when Counsel cannot agree as to discovery disputes, Defendants'

motion for a protective order is denied without prejudice. Parties are directed to confer with respect to the scope of the interrogatories that Sheriff Sposato must answer. If the parties cannot reach an agreement, they shall file a joint letter setting forth their positions within ten (10) days of this order. The letter shall also set forth three suggested agreed upon dates for this Court to hold a telephone conference.

2. Defendants' Responses and Objections

This Court's August 18 Order directed Defendants to reevaluate their objections, and provide Plaintiff with either responsive answers and/or objections. Defendants were further directed to confer with Plaintiff to obtain clarity rather than object on such basis. See August 18 Order.

Plaintiff contends that Defendants have neither served updated responses to Plaintiff's Interrogatories and Requests for Production of Documents, nor provided an explanation for the lack of production of any further responses to the Interrogatories and Requests for Production of Documents. DE 69 at 2.

In response, Defendants explain that they have provided all responsive documents in their possession, but, due to time constraints, were unable to provide formal supplemental responses within the time allotted. DE 71 at 3. Defense Counsel highlights the fact that she has a reduced work schedule, and further states she is presently supplementing the written responses and anticipates serving same by next Wednesday (October 4, 2017). DE 71 at 1. According to Defendants, Plaintiff has not been prejudiced in anyway by this harmless deficiency.

The Court is sympathetic to Defense Counsel's time constraints; however, there is no exception in the federal rules, local rules, or this Court's rules that permit Counsel to ignore the Court's directives due to time constraints. The rules do, however, provide mechanisms to request

an extension of time if needed. See EDNY Local Civil Rule 7.1(d); Judge Shields' Rules, Section III. The rules further mandate that parties confer in good faith with each other prior to seeking court intervention. See Local Civil Rule 37.3(a); Judge Shields' Rules, Sections III, VI (C). At this juncture, it is clear that Defense Counsel is working to provide the responses by Wednesday, October 4, 2017. The Court will allow such extension, but will not permit any further extension absent an indication that Counsel conferred in good faith. Counsel are reminded that they must comply with this Court's rules in requesting an extension of time.

3. Defendants' Privilege Log

With respect to Plaintiff's statement that he was not provided with a privilege log, Defendants' have responded that they did not provide Plaintiff with a privilege log because they are not asserting privilege. As such, Defendants have waived any objections based on privilege

4. Redaction of Correction Officers and Medical personnel Identities

As to redactions, this Court's August 18 Order specifically directed Defendants to provide an appropriate basis for redactions of signatures of Correction Officers and Medical Personnel Identities, and further directed parties to confer regarding whether redaction is appropriate. See August 18 Order at 13.

Plaintiff states that Defendants' have not provided any basis for redactions of the identities of correction officers and medical personnel. Plaintiff additionally asserts that records and entire pages have been redacted without any explanation. DE 69 at 2. Without making any showing that he attempted to confer with Defendants regarding such redactions, he asks this Court to find that Defendants have therefore waived their rights to any redactions. Id.

In response, Defendants argue that the redactions that were made were simply to redact information that is not within the scope of discoverable information in this matter. Although that

4

might certainly be the case, it remains Defendants' responsibility to explain the basis for redactions to Plaintiff. This especially true in light of the Court's directive requiring such action. Therefore, Defendants are now directed to provide a specific basis for each and every redaction by October 10, 2017. Defendants may simply refer to specific items as not within the scope of discovery because, for example, the redacted information is unrelated to this case. Such redacts are entirely appropriate, but it is for Defendants to explain them to Plaintiff so that there is clarity.

5. Confidential Information

As Parties dispute whether certain items should be deemed confidential, they are directed to follow the procedures set forth in their confidentiality order. Such order requires that the "designating party bears the burden of showing the designated information is confidential information within the scope of the order." See DE 51, Exhibit 1 at 7. Parties are directed to confer regarding any items in dispute no later than October 9, 2010. By October 13, 2017, Defendants shall serve upon the Plaintiff and the Court any documents in dispute, along with an explanation as to why each item submitted should be designated as confidential. The production of such documents shall be filed in a manner consistent with the procedure set forth in the Parties' confidentiality order. Plaintiff may respond no later than October 20, 2017. Defendants may reply no later than October 27, 2017.

## CONCLUSION

For the reasons set forth above, Defendants' motion for a protective order is denied without prejudice. Additionally, Plaintiff's motion for contempt, which the Court construes as a motion to compel, herein Docket No. 69, is decided as follows:

(1) Parties are directed to confer with respect to the scope of the Sheriff Sposato's interrogatories. If the parties cannot reach an agreement, they shall file a joint letter setting forth their positions within ten (10) days of this order. The letter shall also set forth three suggested agreed upon dates for this Court to hold a telephone conference.

(2) At this juncture, it is clear that Defense Counsel is working to provide the responses by Wednesday, October 4, 2017. The Court hereby extends the date for Defendants to provide such responses until October 4, 2017, but will not permit any further extension absent an indication that Counsel conferred in good faith. Any requests for extensions of time must comply with this Court's rules.

(3) Defendants have waived any objections based upon privilege.

(4) Defendants are now directed to provide a specific basis for each and every redaction by October 10, 2017.

(5) If Parties are unable to agree to whether documents should be deemed confidential, they shall confer regarding each document by October 9, 2010. If after conferring Parties are unable to reach an agreement, Defendants have until October 13, 2010 to serve upon Plaintiff and the Court the documents in dispute, along with an explanation as to why each item submitted should be designated as confidential. The production of such documents shall be filed in a manner consistent with the procedure set forth in the Parties' confidentiality order. Plaintiff may respond no later than October 20, 2017. Defendants may reply no later than October 27, 2017.

SO ORDERED

Dated: Central Islip, New York
       October 4, 2017

                                                            /s/ Anne Y. Shields

ANNE Y. SHIELDS
United States Magistrate Judge