UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHRISTOPHER GRIEF,

                          Plaintiff,                  ORDER
                                                    CV 15-7240 (ADS) (AYS)

    -against-

NASSAU COUNTY, SHERIFF MICHAEL
SPOSATO, JOHN DOE 1, JOHN DOE 2,
and JOHN DOE 3,
individually and in their official capacities

                          Defendants.
------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      This is a civil rights case in which Plaintiff Christopher Grief ("Plaintiff" or "Grief") claims to have been injured by Defendants Nassau County, Sheriff Michael Sposato, Corrections Officer ("CO") Alaberto Bazante, CO Angelo Muro, and CO Jaret Carbone (collectively "Defendants"). Specifically, Grief seeks relief for injuries alleged to have been suffered as a result of being assaulted, battered and otherwise abused at the Nassau County Correctional Center ("NCCC") in violation of his rights, privileges, and immunities secured by the Civil Rights Act of 1871, 42 U. S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York. See Amended Complaint ("Am. Compl."), Docket Entry ("DE") 67. Such injuries are alleged to have occurred on or around September 28, 2014. Am. Compl. ¶¶ 16-18.

      By way of background, on August 18, 2017, this Court issued an order ("August 18 Order") granting in part and denying in part Plaintiff's motion to compel discovery. The August 18 Order set forth specific discovery directives for both parties to follow. On September 20,

2017, Defendants moved for a protective order with regard to interrogatories Plaintiff served on Sheriff Sposato. DE 65. On September 25, 2017, Plaintiff moved for contempt concerning related issues stemming from the Court's August 18 Order. DE 69. On October 3, 2017, this Court granted in part and denied in part Plaintiff's motion. See Order dated October 3, 2017 ("October 3 Order").

After the Court issued the October 3 Order, the case has was referred from the Nassau County Attorney's office to a new attorney for Defendants, Scott Kreppein, Esq. On October 4, 2017, Mr. Kreppein filed his notice of appearance. DE 77. On October 11, 2017, Plaintiff filed a motion for sanctions and to compel discovery. DE 79. Defendants filed a response on October 18, 2017. DE 80. On October 20, 2017, Plaintiff filed a motion for leave to file a reply and to request that the Court enter an order that certain documents produced by Defendants be deemed as non-confidential. DE 81. The Court hereby denies Plaintiff's request to file a reply. For the following reasons, Plaintiff's motions for sanctions is denied, and Plaintiff's motion to compel is granted in part. The Court now turns to discuss the merits of Plaintiff's motion and the reasoning of the Court.

Plaintiff's motion to compel seeks (1) an order directing Defendants to produce a clear chronological production of photographs in color, (2) a ruling as to whether Plaintiff's Counsel shall be granted access to the Nassau County Correctional Center take photographs and conduct an inspection, and (3) an order directing Defendants to comply with the second, fourth, and fifth directives stated in the October 3 Order. That order provides, in pertinent part as follows:

> (2) At this juncture, it is clear that Defense Counsel is working to provide the responses by Wednesday, October 4, 2017. The Court hereby extends the date for Defendants to provide such responses until October 4, 2017, but will not permit any further extension absent an indication that Counsel conferred in good faith. Any requests for extensions of time must comply with this Court's rules….

(4) Defendants are now directed to provide a specific basis for each and every redaction by October 10, 2017.
(5) If Parties are unable to agree to whether documents should be deemed confidential, they shall confer regarding each document by October 6, 2010. If after conferring Parties are unable to reach an agreement, Defendants have until October 13, 2010 to serve upon Plaintiff and the Court the documents in dispute, along with an explanation as to why each item submitted should be designated as confidential. The production of such documents shall be filed in a manner consistent with the procedure set forth in the Parties' confidentiality order. Plaintiff may respond no later than October 20, 2017. Defendant may reply no later than October 27, 2017.

October 3 Order. The Court addresses each issue in turn.

1. <u>As to Plaintiff's Request for Photographs</u>

Plaintiff asserts that he has not yet received a clear color copy of the one photograph that he received in discovery (in poor quality black and white) that purports to depict Plaintiff's face and eyes after the time the Corrections Officers used force upon him on September 28, 2014. Defense counsel states that all photographs have been disclosed, and he has confirmed that the only available copy of one photograph is black and white. Plaintiff requests an Order requiring Defendants to immediately produce a clear chronological production of all of the photographs (to be provided in color) taken of Plaintiff while he was held in custody at the Nassau County Correctional Center ("NCCC"), and any records related to those photographs (such as documents indicating who took each photograph, and when, and in relation to what).

Defense Counsel is directed to review all photographs in defendants' custody or control and to produce a clear chronological production of all such photographs. To the extent color photographs can be obtained, they shall be produced. To the extent Defendants cannot obtain color photographs, they shall produce a sworn statement that they have produced all photographs and list the photographs they were unable to obtain in color.

3

2. As to Whether this Court will Direct the Nassau County Correctional Center to Allow Plaintiff's Counsel Entry and Inspection of the Facility

At the outset the Court notes that Defendants have already produced to Plaintiff a schematic map of the relevant portion of the facility, and have also offered to produce photographs of a representative cell. Defendants further respond, in the form of an interrogatory response, to Plaintiff's request to seek entry into the correctional center to inspect and photograph all areas in which Plaintiff was housed. That response states that the incident that Plaintiff complains of took place in the medical unit. According to the Defendants, allowing Plaintiff's attorneys to enter the area would produce hardship because: (1) certain inmates are housed there all day, (2) no inmates would be able to be brought into the medical unit during the time counsel are present, (3) it would necessitate additional safety and security procedures, and quite possibly additional staff and resources. DE 68 at 2. The response is sworn to by Sgt. Stephanie L. White, a sergeant with Nassau County Correctional Center.

After weighing Plaintiff's stated need for the requested access against Defendants' concerns as set forth above, the Court finds that ordering the Nassau County Correctional Facility to allow Plaintiff's attorneys into the facility would be disproportionate to the needs of the case. This is especially true since Defendants have furnished a schematic to Plaintiff's counsel and offered photographs of a representative cell. Accordingly, Plaintiff's request to enter and inspect the NCCC is denied.

3. As to Plaintiff's motion to compel Defendants to provide the responses that were due by October 4, 2017

Plaintiff's Counsel states that he conferred with attorney Kreppein regarding the outstanding discovery, and specifically stated that the Bazante, Carbone, and Muro discovery

responses had not been received by the prior day as required by the Court's Order. Despite the meet and confer, Plaintiff's Counsel avers that six days later he has yet to receive the outstanding discovery.

In response, defense counsel states that Plaintiff's claim that "defendants still have not provided any verified responses from Defendants Bazante, Carbone, or Muro" is simply untrue. He further states that based upon a review of the docket, Plaintiff acknowledged receipt of Carbone and Muro's individual verified responses in a prior letter (DE 56), and Bizante's verified response was sent shortly thereafter. (DE 57). Defense counsel argues that the October 4, 2017 supplement was a supplement of the County's production, and did not require individual verification by each defendant. Thus, defense counsel contends that Plaintiff does not allege any substantive deficiency in the supplemental responses; and Plaintiff appears to merely be attempting to burden and harass the individual defendants.

As there appears to be a dispute with regard to whether Defendants have – or have not - provided any verified responses from Defendants Bazante, Carbone, or Muro, Parties shall confer. If parties cannot reach a resolution, they shall follow this Court's rules, which requires parties to call the Court with discovery disputes.

4. <u>As to Plaintiff's motion to compel Defendants to provide a specific basis for each and every redaction by October 10, 2017</u>

Plaintiff argues that nothing has been received with regard to redactions, and Defendants are therefore in violation of that portion of the Order.

In response, defense counsel states that he believed this issue was addressed via supplemental disclosures with more limited redactions. According to counsel, he discussed this issue with Plaintiff's counsel on October 5, 2017 and indicated, in sum and substance, that if

5

there were a reasonable claim that any redacted names were relevant, he would provide them, but the documents themselves could not be filed in unredacted form.

On October 16, 2017, after Plaintiff filed this motion, Plaintiff's counsel requested that Defendants withdraw the confidentiality designation for forty-one pages. Defendants declined to do withdraw the confidentiality designation but, as to the seven pages in that group that contained redactions, Mr. Kreppein states that he provided unredacted copies of 4 pages (subject to the confidentiality order), and provided counsel with the names that had been redacted from the remaining three pages.

As there appears to be an ongoing dispute as to certain redactions, Defendants shall submit the redacted content in dispute for in camera review by November 30, 2017. The documents shall be accompanied by a memorandum setting forth the Defendants' basis for such redactions.

5. <u>As to the Parties' dispute as to what documents should be deemed confidential</u>

The October 3 Order directed Counsel to confer regarding each document by October 6, 2010. If after conferring Parties are unable to reach an agreement, Defendants had until October 13, 2010 to serve upon Plaintiff and the Court the documents in dispute, along with an explanation as to why each item submitted should be designated as confidential. The production of such documents were to be filed in a manner consistent with the procedure set forth in the Parties' confidentiality order.

After reviewing Counsels' submissions, it appears that there was a miscommunication as to what documents that are marked confidential are in dispute. By Plaintiff's letter motion dated October 20, 2017, he has made clear that he wishes to remove the confidential designation on the documents Bates numbered NC 13, 39, 94, 96-104,117-120, 130, 134-137, 139-145, 150-152,

155, 161-166, 168-172, 174-178, and 183. Defendants are now given until November 30, 2017 to serve upon Plaintiff and the Court the documents in dispute, along with an explanation as to why each item submitted should be designated as confidential. The production of such documents shall be filed in a manner consistent with the procedure set forth in the Parties' confidentiality order.

6. As to Plaintiff's Motion for Sanctions

Plaintiff contends that Defense Counsel should be found in contempt for failing to comply with this Court's October 3 Order. In light of the fact that Plaintiff has failed to comply with this Court's Rules, and additionally filed the motion for contempt without first meaningfully conferring in good faith, the Court denies Plaintiff's motion.

A. As to Plaintiff's motion for sanctions regarding Defendants' failure to produce timely responses on October 4, 2017

Plaintiff contends that on October 5, 2017, he informed Defendants' new Counsel (who had just filed a notice of appearance the day before) that "the Bazante, Carbone, and Muro discovery responses had not been received by the prior day as required by the Order." DE 79 at 2. Plaintiff's counsel does not state he conferred with Defense Counsel regarding the additional time needed to produce the remaining discovery or to what extent, if any, they conferred regarding discovery in dispute. Instead, Plaintiff's Counsel states that he "left the conversation under the belief that those overdue discovery responses would be immediately forthcoming." DE 79 at 2. Six days later, Plaintiff filed the instant motion to compel. According to Defendants, they dispute that they have failed to turn over such items. As parties seem to have differing opinions as to what was to be produced after their conversation on October 5, 2017, it appears that a

meaningful meet and confer did not occur. It is also clear that Plaintiff filed the instant motion without first calling the Court as is required by this Court's rules.

B. As to Plaintiff's motion for sanctions against Defendants for their failure to produce such redactions by October 10, 2017

Plaintiff additionally contends that Defendants violated the Court's previous order which instructed Defendants to provide each redaction by October 10, 2017. This statement is troubling to the Court, as the motion for sanctions was filed on October 11, 2017 - one day after Defendants' new attorney missed the deadline. The Court finds that the proper course of action would be for Plaintiff's Counsel to confer with Defense Counsel prior to filing a motion to compel and for contempt. As Plaintiff's Counsel may have avoided such motion practice by calling this Court with its discovery disputes, as is required by this Court's rules, Plaintiff's motion for sanctions is denied.

## CONCLUSION

For the reasons set forth above, the Court orders the following:

1. Defendants' motion for sanctions is denied.
2. The Court denies Plaintiff's request to inspect and photograph the jail area where the alleged incident occurred.
3. Plaintiff's motion to compel is granted as follows:

- Defense Counsel is directed to produce a clear chronological production of all of the photographs by November 30, 2017. To the extent Defendants can obtain color photographs, they shall do so. To the extent Defendants do not have color photographs, they shall produce a sworn statement that they only have the

- photographs in black and white, and that they were unable to obtain such photographs in color.

- If parties cannot reach a resolution with regard to Defendants' responses regarding responses from Defendants Bazante, Carbone, and Muro, they shall follow this Court's rules, which requires parties to confer and call the Court with discovery disputes.

- Defendants shall submit the redacted content in dispute for in camera review by November 30, 2017. The documents shall be accompanied by a memorandum setting forth the Defendants' basis for such redactions.

With regard to Plaintiff's motion to deem certain documents as non-confidential, Defendants are now given until November 30, 2017 to serve upon Plaintiff and the Court the documents in dispute, along with an explanation as to why each item submitted should be designated as confidential. The production of such documents shall be filed in a manner consistent with the procedure set forth in the parties' confidentiality order.

Additionally, parties have moved for an extension of time to the discovery deadlines. DE 83. In their motion, parties indicate that "discovery has been highly-contentious, and we anticipate further disputes." DE 83 at 2. The Court hereby extends the discovery deadlines as requested in Document Entry 83; however, as it appears the parties are having difficulty resolving issues, the Court directs the parties to participate in the EDNY Mediation Program. Parties shall select a mediator no later than November 30, 2017, and shall meet with the mediator no later than January 12, 2018.

SO ORDERED

Dated: Central Islip, New York
November 16, 2017

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge