UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CHRISTOPHER GRIEF,

Plaintiff,

-against-

NASSAU COUNTY, SHERIFF MICHAEL SPOSATO, CO ALBERTO BAZANTE, CO ANGELO MURO, CO JARET CARBONE, CO KEVIN SENIOR, CO MICHAEL O'MALLEY, SGT. "FNU" [First Name Unknown] WENSDORFER [precise spelling unknown], individually and in their official capacities,

Defendants.
-----------------------------------------------------------------X

Docket No. 15-CV-7240 (JS)(AYS)

**SETTLEMENT AGREEMENT AND COMPLETE RELEASE**

# SETTLEMENT AGREEMENT AND COMPLETE RELEASE

**THIS SETTLEMENT AGREEMENT AND COMPLETE RELEASE** (the "Settlement Agreement") is made as of the ____ day of September, 2022, by and between Plaintiff CHRISTOPHER GRIEF (the "Plaintiff"), his attorneys JEFFREY A. ROTHMAN and JOHN WARE UPTON and Defendants NASSAU COUNTY (the "County of Nassau"), SHERIFF MICHAEL SPOSATO, CO ALBERTO BAZANTE, CO ANGELO MURO, CO JARET CARBONE, CO KEVIN SENIOR, CO MICHAEL O'MALLEY, and SGT. RICHARD WENSDORFER (the County of Nassau and the foregoing individual Defendants are collectively referred to as the "County Defendants") and their attorneys, QUATELA CHIMERI, PLLC. Plaintiff and his attorneys, together with the County Defendants and their attorneys, are sometimes referred to below individually as a "Party" or collectively as the "Parties."

**WHEREAS,** on December 18, 2015, Plaintiff commenced the above-captioned civil rights action, seeking relief for his alleged injuries resulting from allegedly being assaulted, battered and

otherwise abused at the Nassau County Correctional Center allegedly in violation of his rights, privileges, and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United State Constitution, and the Constitution and laws of the State of New York. Thereafter, on October 13, 2016 and September 21, 2017, Plaintiff filed an Amended Complaint and Second Amended Complaint, respectively (the Complaint, Amended Complaint and the Second Amended Complaint are collectively referred to as the "Complaint" and/or "Action"); and

**WHEREAS**, Plaintiff and the County Defendants recognize, among other things, the expenses and costs of litigation and desire to settle and terminate the above-captioned Action.

**NOW, THEREFORE**, for and in consideration of the promises, agreements, covenants and conditions herein, the adequacy and sufficiency of which are hereby expressly acknowledged by each of the Parties hereto;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties and their undersigned counsel as follows:

1. This Settlement Agreement constitutes a compromise and settlement of all claims that Plaintiff has against the County Defendants, including their agencies, departments officials, agents and employees, individually and in their official capacities in all matters arising out of the claims set forth in this matter and involving Plaintiff.

2. Each of the Parties hereto shall do all things reasonably necessary and appropriate to further effect the settlement of this Action, including, but not limited to, the execution and delivery of all appropriate documents required by this Settlement Agreement.

3. After the full execution and delivery of this Settlement Agreement and the issuance of the approval contained in paragraph 19 below, the County of Nassau shall deliver to Plaintiff a check in

the amount of Seventy-Five Thousand Dollars ($75,000.00), by making said check payable to "Jeffrey A. Rothman, as attorneys for Plaintiff", and mailing said check to 305 Broadway, Suite 100, New York, New York 10007, in full satisfaction of all claims, fees and costs incurred by Plaintiff in initiating and pursuing the Action (the "Payment"). After receipt of the Payment, Plaintiff and his attorneys agree to divide the proceeds as follows: $27,400.00 to Plaintiff, $26,400.00 to Jeffrey A. Rothman and $21,200.00 to John Ware Upton.

4. In consideration of the covenants undertaken herein by the County Defendants including, without limitation, the Payment described in Paragraph 3 of this Agreement, and in exchange for the Payment and other valuable consideration set forth in this Settlement Agreement, Plaintiff, for himself, his heirs, executors, administrators, successors, agents, legal representatives and assigns (collectively, the "Releasors") hereby releases and forever discharges the County Defendants, their agencies, departments, officials agents associated with this litigation, individually and in their official capacity, (collectively, the "Releasees"), of and from all manner of actions, proceedings, causes of action, suits, debts, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, fines, judgments, claims, liabilities and demands whatsoever, whether arising at law or in equity or arising out of federal, state or city constitutions, statutes, ordinances, by laws or regulations and all claims for attorneys' fees, costs, disbursements or the like, which the Releasors ever had, now or may have, for, or by reason of any matter, cause event or thing whatsoever, from the beginning of time up to and including the date when Plaintiff executes this Settlement Agreement, except as to enforcement of the Settlement Agreement.

5. Plaintiff intends the release provided herein to be a complete General Release of all their claims to the fullest extent permissible under the law including claims of punitive damages.

6. Plaintiff represents and warrants to and in favor of the County Defendants, that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or claims against the County Defendants herein, relating to the Complaint and/or the matters alleged therein. Further, Plaintiff agrees to indemnify and hold harmless the County Defendants from any claims or causes of action based on, or arising out of or in connection with, any such transfer or assignment or purported transfer or assignment, including reasonable attorneys' fees incurred by the County Defendants in the defense of such action(s).

7. Plaintiff agrees to hold the County Defendants harmless against any and all liens, including but not limited to Medicaid, Medicare and/or public assistance, and/or estate claims which may be asserted against this settlement and acknowledges and agrees that he will be solely responsible for the payment of any taxes that are or may become due as a result of his receipt of the Payment provided for herein.

8. Plaintiff represents and warrants to and in favor of the County Defendants, that the only attorneys who have represented Plaintiff in this action have been Jeffrey A. Rothman and John Ware Upton, such partners and associates employed by or with same.

9. Except as to his right to enforce this Settlement Agreement, Plaintiff hereby covenants and agrees that he will not at any time hereafter commence, pursue, maintain, or prosecute any action, suit, grievance or proceeding of any kind against the County Defendants and/or the Released Parties with respect to any act, omission or transaction occurring up to and including the date of this Settlement Agreement.

10. Simultaneously with the execution of this Settlement Agreement, Plaintiff, by and through his attorneys, and Counsel for the County Defendants, shall execute a proposed Stipulation and Order of Discontinuance which shall be electronically filed on the docket with the United States District Court for the Eastern District of New York, and which shall state that the District Court shall continue to retain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth in the Settlement Agreement and Complete Release executed by the parties in this matter.

11. Other than the Complaint in this Action, Plaintiff represents that he has not commenced, maintained or prosecuted any action, charge, complaint or proceeding of any kind against the County Defendants, its departments, agencies, employees, officers, officials, employees and agents that is currently pending in any court, or before any administrative or investigative body or agency relating to and/or arising from the matters alleged in the Complaint and acknowledges that this representation constitutes a material inducement for the County Defendants to enter into this Settlement Agreement.

12. Plaintiff specifically represents and warrants that he has read this Settlement Agreement carefully, understands all of the terms and provisions of this Settlement Agreement (or have had same explained to his satisfaction), discussed the Settlement with his attorneys, has signed the Settlement Agreement voluntarily and of his own free will, and shall abide by its provisions without exception.

13. This Settlement Agreement constitutes the entire agreement among the Parties hereto pertaining to the subject matter hereof and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties hereto with respect to the subject matter of this Settlement Agreement, replaces all prior negotiations and agreements relating to this action, whether

written or oral, and may not be clarified, modified, changed or amended except in writing signed by counsel for the Parties.

14. The Parties agree that the United States District Court Eastern District of New York shall retain jurisdiction in order to enforce the terms of this Settlement Agreement.

15. This Agreement is binding upon, and shall inure to the benefit of, the Parties and their respective heirs, executors, beneficiaries, administrators, successors and assigns. By the signatures appearing below, Plaintiff and the County Defendants represent and warrant that they are authorized to enter into this Agreement and intend this Agreement to be binding and enforceable against all Parties. Further the County of Nassau represents and warrants that it is authorized to execute this Agreement on behalf of the individual County Defendants.

16. If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and to this end, the provisions of this Agreement are declared to be severable.

17. This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic and facsimile copies of such signed counterparts may be used in lieu of the originals for any legitimate purpose.

18. The Parties agree that upon 30-days written notice, Plaintiff may cancel this agreement and request that the above-captioned matter be placed back on the trial calendar for a determination on damages or, whatever other procedural steps are deemed appropriate by Plaintiff.

19. Notwithstanding anything to the contrary contained herein, the Parties expressly agree and understand that this settlement shall not be binding on the County Defendants and shall not take effect until and unless the requisite approval has been obtained from the County Executive. If such

condition is not satisfied then said settlement will be void and the litigation will resume accordingly, including returning to the trial calendar for final disposition of the matter.

20. This Settlement Agreement and Complete Release may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument, and may be executed by facsimile or PDF signature and notary seal.

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the dates set forth below.

THOMAS A. ADAMS
Nassau County Attorney

Brian Libert

By: Brian M. Libert
Deputy County Attorney
One West Street
Mineola, New York 11501
(516) 571-3056

Dated: 9.20.2022

QUATELA | CHIMERI, PLLC

By: Alexander E. Sendrowitz, Esq.
*Attorneys for County Defendants*
888 Veterans Memorial Hwy., Ste. 530
Hauppauge, New York 11788
(631) 482-9700

Dated: 9.20.2022

By: Jeffrey A. Rothman
305 Broadway, Suite 100
New York, NY 10007
(212) 227-2980

Dated:

By: John Ware Upton
111 E. 85th Street
New York, NY 10028
(646) 431-7920

Dated:

condition is not satisfied then said settlement will be void and the litigation will resume accordingly, including returning to the trial calendar for final disposition of the matter.

20. This Settlement Agreement and Complete Release may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument, and may be executed by facsimile or PDF signature and notary seal.

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the dates set forth below.

THOMAS A. ADAMS
Acting Nassau County Attorney

By: Thomas A. Adams, Esq.
One West Street
Mineola, New York 11501
(516) 571-3056

Dated:

QUATELA | CHIMERI, PLLC

By: Alexander E. Sendrowitz, Esq.
*Attorneys for County Defendants*
888 Veterans Memorial Hwy., Ste. 530
Hauppauge, New York 11788
(631) 482-9700

Dated:

By: Jeffrey A. Rothman
305 Broadway, Suite 100
New York, NY 10007
(212) 227-2980

Dated: 9/14/22

By: John Ware Upton
111 E. 85th Street
New York, NY 10028
(646) 431-7920

Dated:

condition is not satisfied then said settlement will be void and the litigation will resume accordingly, including returning to the trial calendar for final disposition of the matter.

20. This Settlement Agreement and Complete Release may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument, and may be executed by facsimile or PDF signature and notary seal.

**IN WITNESS WHEREOF**, the Parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the dates set forth below.

THOMAS A. ADAMS
Acting Nassau County Attorney

______________________________
By: Thomas A. Adams, Esq.
One West Street
Mineola, New York 11501
(516) 571-3056

Dated:

QUATELA | CHIMERI, PLLC

______________________________
By: Alexander E. Sendrowitz, Esq.
*Attorneys for County Defendants*
888 Veterans Memorial Hwy., Ste. 530
Hauppauge, New York 11788
(631) 482-9700

Dated:

________________________
By: Jeffrey A. Rothman
305 Broadway, Suite 100
New York, NY 10007
(212) 227-2980

Dated:

John Ware Upton
By: John Ware Upton
111 E. 85th Street
New York, NY 10028
(646) 431-7920

Dated: September 23, 2022



4874-9831-3264, v. 2

September 20, 2022

Christopher Grief

Sworn to before me this ___
day of September, 2022

Notary Public

JOSEPH A. ESTREMA
Notary Public, State of New York
No. 01ES6138088
Qualified in Suffolk County
Commission Expires Dec. 12, 20 25